UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division
Case No: _____

LUCSON PHILOGENE,

    Plaintiff,

v.

KENT SECURITY SERVICES, INC.,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, LUCSON PHILOGENE, by and through his undersigned counsel, sues the Defendant, KENT SECURITY SERVICES, INC., and alleges as follows:

## JURISDICTION AND VENUE

1. This is an action for damages and to remedy violations of the rights of MR. PHILOGENE under the Civil Rights Act of 1964, as amended ("Title VII") and the Florida Civil Rights Act of 1992, as amended ("Chapter 760") to redress injuries done to him by the Defendant, KENT SECURITY SERVICES, INC ("Defendant").

2. The unlawful acts which gave rise to this Complaint occurred within Broward County, Florida during the Plaintiff's job interview with Defendant, making venue proper in this District pursuant to 28 U.S.C. § 1391.

1

## PARTIES

3. At all times material hereto, Plaintiff has been a citizen and resident of Broward County Florida and is otherwise *sui juris*.

4. As a dark-skinned black man from Haiti, Plaintiff is a member of a protected class under the Civil Rights Act of 1964, as amended ("Title VII") and the Florida Civil Rights Act of 1992, as amended ("Chapter 760") because the terms, conditions, and privileges of his attempted employment were altered because of his race, national origin, and color.

5. Defendant is not a government agency. At all times material hereto, Defendant was Plaintiff's potential employer as defined by law.

6. Defendant has, at all times material hereto, employed 15 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with Title VII and the FCRA (42 U.S.C. §2000e(b); Fla. Stat. § 760.02(7)).

7. Plaintiff has exhausted his administrative remedies by filing a timely charge of discrimination against the Defendant with the Equal Employment Opportunity Commission, which was dually filed with the Florida Commission on Human Relations.

8. Plaintiff's charge was filed within 300 days after the first instance of discrimination occurred.

9. Plaintiff was issued a Notice of Right to Sue on May 14, 2019. This suit is filed in accordance with that Notice and within the applicable ninety (90) day time limitation (a copy of the Notice is attached hereto as Exhibit "A").

10. The Florida Commission on Human Relations did not issue a finding on Plaintiff's charge within 180 days of the filing of said charges.

## **GENERAL ALLEGATIONS COMMON TO ALL COUNTS**

11. Plaintiff responded to Defendant's job posting on Indeed. This posting specified that the Defendant was looking for a part-time event security guard who had a Class D security license.

12. Plaintiff was qualified for this position because he had prior experience as a security guard and also had a valid Class D security license.

13. The Defendant contacted the Plaintiff to schedule a phone interview. During the telephone interview, the interviewer for the Defendant told the Plaintiff there were plenty of positions available and requested that he come in person for an interview at a location in Coral Springs.

14. On May 2, 2018, the Plaintiff went to the in-person interview as scheduled. Upon arriving at the office, an individual escorted the Plaintiff to the back to meet with the interviewer, Ann Marie Campbell. Ms. Campbell started the interview, and as soon as the Plaintiff opened his mouth to answer a question, Ms. Campbell discriminated against the Plaintiff by saying, "I am not going to be able to hire you because you have gold teeth."

15. Ms. Campbell said that the position was for a security guard at an indoor event and that the Plaintiff would be in contact with a lot of people. According to Ms. Campbell, she could not hire someone with gold teeth to be "in contact with a lot of people."

16. Ms. Campbell rejected the Plaintiff despite his qualifications. Ms. Campbell called in her supervisor, Jamie Julio. The Plaintiff told Mr. Julio that Ms. Campbell had discriminated against him based on his race, color, and national origin, and did not even look at his qualifications. Mr. Julio refused to acknowledge the discrimination and asked the Plaintiff to leave. The Plaintiff left as requested.

17. The Plaintiff contacted Defendant's Human Resources Department and spoke with Liz Martis, Director of H.R. Services. Ms. Martis repeatedly asked the Plaintiff, "what do you want to keep this internal?"

18. The Defendant did not give the Plaintiff the opportunity to interview with a different supervisor or otherwise work to give him a non-discriminatory chance to obtain the position.

19. The Plaintiff was more than qualified for the job opportunity, and the Defendant discriminated against him by failing to even consider hiring him because of his race, national origin, and color.

20. The Defendant does not have any policy prohibiting a security guard from having gold teeth.

21. Plaintiff has engaged the undersigned attorney to prosecute his claims and is entitled to recover his attorney's fees from Defendant pursuant to statute.

### COUNT I: VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
**(Discrimination on the Basis of Race)**

22. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 21, inclusive, as though same were fully re-written here

23. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, §§703(a), 706(a), and 706(g) for damages caused by Defendant's unlawful employment practices committed against Plaintiff because Plaintiff was denied a non-discriminatory chance to obtain a position with the Defendant on the basis of his race, black.

24. The interviewer, supervisor, and director of Human Resources at all times relevant, were acting within the course and scope of their employment for Defendant.

25. Because Plaintiff is black, he was discriminated against and not considered for a position for which he was fully qualified. Even after the Plaintiff voiced his concerns to a supervisor and the director of Human Resources that he was being discriminated against, the Defendant refused to take any action to provide the Plaintiff with a non-discriminatory chance to interview for the position.

26. Upon information and belief, non-black applicants with the same qualifications were hired by Defendant for the same position for which Plaintiff interviewed.

27. Defendant engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 USC §2000e2(a)(1) which resulted in Plaintiff, LUCSON PHILOGENE, not being hired for a position for which he was fully qualified.

28. Plaintiff is entitled to such affirmative relief as may be appropriate, including but not limited to, lost wages, benefits, and compensation for emotional distress pursuant to the provisions of Title VII of the Civil Rights Act of 1964, §706(g).

29. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for his protected rights under Title VII of the Civil Rights Act of 1964. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in an amount to be determined at trial.

WHEREFORE, Plaintiff hereby requests that this Honorable Court grant Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including back pay, front pay, liquidated damages, injury to his professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at

trial and in accordance with The Civil Rights Act of 1964, §706(g); attorney's costs, fees, and such other relief as the Court deems just and appropriate.

## COUNT II: VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992
**(Discrimination on the Basis of Race)**

30.     Plaintiff incorporates herein the allegations contained in paragraphs 1 through 21, inclusive, as though same were fully re-written here.

31.     The FCRA forbids discrimination on the basis of race, color, religion, sex, pregnancy, national origin, age, handicap, or marital status and thereby to protect their interest in personal dignity, to make available to the state their full productive capacities, to secure the state against domestic strife and unrest, to preserve the public safety, health, and general welfare, and to promote the interests, rights, and privileges of individuals within the state.

32.     Because Plaintiff is black, he was discriminated against and not considered for a position for which he was fully qualified. Even after the Plaintiff voiced his concerns to a supervisor and the director of Human Resources that he was being discriminated against, the Defendant refused to take any action to provide the Plaintiff with a non-discriminatory interview.

33.     Upon information and belief, non-black applicants with the same qualifications were hired by Defendant for the same position for which Plaintiff interviewed.

34.     At all relevant and material times, Defendant failed to comply with the FCRA.

35.     The discrimination of Plaintiff by Defendant was caused by Defendant being aware of Plaintiff's race.

36.     At all times relevant, including the time of the unlawful and discriminatory treatment, Defendant was aware that Plaintiff was black.

37. At the time of the unlawful discrimination, Plaintiff was more than qualified for the open job position for the Defendant.

38. The failure of Defendant to adhere to the mandates of the FCRA was willful and its violations of the provisions of the FCRA were willful.

39. Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's protected rights, discriminated against Plaintiff on account of his race in violation of the FCRA with respect to its decision to treat Plaintiff differently from non-black applicants.

40. Plaintiff being denied a non-discriminatory interview with the Defendant was directly and proximately caused by Defendant's unjustified discrimination against Plaintiff because he is black, in violation of the FCRA.

41. Any allegedly nondiscriminatory reason for the treatment of Plaintiff asserted by Defendant is a mere pretext for the actual reasons for the treatment; namely, Plaintiff's race.

42. Defendant's actions were malicious and were recklessly indifferent to Plaintiff's rights protecting persons from discrimination due to his race. The discrimination on the basis of race constitutes unlawful discrimination.

43. As a direct and proximate result of Defendant's intentional conduct, Plaintiff has suffered serious economic losses, punitive damages, as well as mental pain and suffering.

WHEREFORE, Plaintiff hereby requests this Court enter judgment against Defendant for all wages and benefits the Plaintiff would have received but for the discrimination, including actual damages suffered, compensatory damages under the FCRA for embarrassment, anxiety, humiliation, and emotional distress, liquidated damages, punitive damages, prejudgment interest

on his damages award, attorney's fees, costs, and such other and further relief as this Court deems just and appropriate.

### COUNT III: VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
**(Discrimination on the Basis of National Origin)**

44. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 21, inclusive, as though same were fully re-written here.

45. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, §§703(a), 706(a), and 706(g) for damages caused by Defendant's unlawful employment practices committed against Plaintiff because Plaintiff was denied a non-discriminatory interview with the Defendant on the basis of his national origin, Haiti.

46. The interviewer, supervisor, and director of Human Resources at all times relevant, were acting within the course and scope of their employment for Defendant.

47. Because Plaintiff is from Haiti, he was discriminated against and not permitted to interview for a position for which he was fully qualified. Even after the Plaintiff voiced his concerns to a supervisor and the director of Human Resources that he was being discriminated against, the Defendant refused to take any action to provide the Plaintiff with a non-discriminatory interview.

48. Upon information and belief, non-Haitian applicants with the same qualifications were hired by Defendant for the same position for which Plaintiff interviewed.

49. Defendant engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 USC §2000e2(a)(1) which resulted in Plaintiff being denied a non-discriminatory interview with the Defendant.

50. Plaintiff is entitled to such affirmative relief as may be appropriate, including but not limited to, lost wages, benefits, and compensation for emotional distress pursuant to the provisions of Title VII of the Civil Rights Act of 1964, §706(g).

51. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for his protected rights under Title VII of the Civil Rights Act of 1964. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in an amount to be determined at trial.

WHEREFORE, Plaintiff hereby requests that this Court grant Plaintiff judgment against Defendant to compensate his for past and future pecuniary losses, including back pay, front pay, liquidated damages, injury to his professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with The Civil Rights Act of 1964, §706(g); attorney's costs, fees, and such other relief as the Court deems just and appropriate.

### COUNT IV: VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992
**(Discrimination on the Basis of National Origin)**

52. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 21, inclusive, as though same were fully re-written here.

53. The FCRA forbids discrimination on the basis of race, color, religion, sex, pregnancy, national origin, age, handicap, or marital status and thereby to protect their interest in personal dignity, to make available to the state their full productive capacities, to secure the state against domestic strife and unrest, to preserve the public safety, health, and general welfare, and to promote the interests, rights, and privileges of individuals within the state.

54. Plaintiff was born in Haiti, and therefore a member of a protected class.

55. Because Plaintiff is from Haiti, he was discriminated against and not considered for a position for which he was fully qualified. Even after the Plaintiff voiced his concerns to a supervisor and the director of Human Resources that he was being discriminated against, the Defendant refused to take any action to provide the Plaintiff with a non-discriminatory interview.

56. Upon information and belief, non-Haitian applicants with the same qualifications were hired by Defendant for the same position for which Plaintiff interviewed.

57. At all relevant and material times, Defendant failed to comply with the FCRA.

58. The discrimination of Plaintiff by Defendant was caused by Defendant being aware that Plaintiff was born in Haiti.

59. At all times relevant, including the time of the unlawful and discriminatory treatment, Defendant was aware that Plaintiff was born in Haiti.

60. At the time of the unlawful discrimination, Plaintiff was more than qualified for the open job position with the Defendant.

61. The failure of Defendant to adhere to the mandates of the FCRA was willful and its violations of the provisions of the FCRA were willful.

62. Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's protected rights, discriminated against Plaintiff on account of his national origin in violation of the FCRA with respect to its decision to treat Plaintiff differently from other applicants.

63. Plaintiff being denied a non-discriminatory interview with the Defendant was directly and proximately caused by Defendant's unjustified discrimination against Plaintiff because he was born in Haiti, in violation of the FCRA.

64. Any allegedly nondiscriminatory reason for the treatment of Plaintiff asserted by Defendant is a mere pretext for the actual reasons for the treatment; namely, Plaintiff's national origin.

65. Defendant's actions were malicious and were recklessly indifferent to Plaintiff's rights protecting persons from discrimination due to his national origin. The discrimination on the basis of national origin constitutes unlawful discrimination.

66. As a direct and proximate result of Defendant's intentional conduct, Plaintiff has suffered serious economic losses, punitive damages, as well as mental pain and suffering.

WHEREFORE, Plaintiff hereby requests this Court enter judgment against Defendant for all wages and benefits the Plaintiff would have received but for the discrimination, including actual damages suffered, compensatory damages under the FCRA for embarrassment, anxiety, humiliation, and emotional distress, liquidated damages, punitive damages, prejudgment interest on his damages award, attorney's fees, costs, and such other and further relief as this Court deems just and appropriate.

### COUNT V: VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
**(Discrimination on the Basis of Color)**

67. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 21, inclusive, as though same were fully re-written here

68. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, §§703(a), 706(a), and 706(g) for damages caused by Defendant's unlawful employment practices committed against Plaintiff because Plaintiff was denied a non-discriminatory interview with the Defendant on the basis of his color, dark-skinned.

69. The interviewer, supervisor, and director of Human Resources at all times relevant, were acting within the course and scope of their employment for Defendant.

70. Because Plaintiff is dark-skinned, he was discriminated against and not pconsidered for a position for which he was fully qualified. Even after the Plaintiff voiced his concerns to a supervisor and the director of Human Resources that he was being discriminated against, the Defendant refused to take any action to provide the Plaintiff with a non-discriminatory interview.

71. Upon information and belief, lighter-skinned applicants with the same qualifications were hired by Defendant for the same position for which Plaintiff interviewed.

72. Defendant engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 USC §2000e2(a)(1) which resulted in Plaintiff, LUCSON PHILOGENE, being denied for a position for which he was fully qualified.

73. Plaintiff is entitled to such affirmative relief as may be appropriate, including but not limited to, lost wages, benefits, and compensation for emotional distress pursuant to the provisions of Title VII of the Civil Rights Act of 1964, §706(g).

74. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for his protected rights under Title VII of the Civil Rights Act of 1964. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in an amount to be determined at trial.

WHEREFORE, Plaintiff hereby requests that this Court grant Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including back pay, front pay, liquidated damages, injury to his professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with The Civil Rights Act of 1964, §706(g); attorney's costs, fees, and such other relief as the Court deems just and appropriate.

## COUNT VI: VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992
**(Discrimination on the Basis of Color)**

75. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 21, inclusive, as though same were fully re-written here.

76. The FCRA forbids discrimination on the basis of race, color, religion, sex, pregnancy, national origin, age, handicap, or marital status and thereby to protect their interest in personal dignity, to make available to the state their full productive capacities, to secure the state against domestic strife and unrest, to preserve the public safety, health, and general welfare, and to promote the interests, rights, and privileges of individuals within the state.

77. Because Plaintiff is dark-skinned, he was discriminated against and not considered for a position for which he was fully qualified. Even after the Plaintiff voiced his concerns to a supervisor and the director of Human Resources that he was being discriminated against, the Defendant refused to take any action to provide the Plaintiff with a non-discriminatory interview.

78. Upon information and belief, lighter skinned applicants with the same qualifications were hired by Defendant for the same position for which Plaintiff interviewed.

79. At all relevant and material times, Defendant failed to comply with the FCRA.

80. The discrimination of Plaintiff by Defendant was caused by Defendant being aware of Plaintiff's color.

81. At all times relevant, including the time of the unlawful and discriminatory treatment, Defendant was aware that Plaintiff was dark-skinned.

82. At the time of the unlawful discrimination, Plaintiff was more than qualified for the open job position with the Defendant.

83. The failure of Defendant to adhere to the mandates of the FCRA was willful and its violations of the provisions of the FCRA were willful.

84. Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's protected rights, discriminated against Plaintiff on account of his color in violation of the FCRA with respect to its decision to treat Plaintiff differently from non-dark-skinned applicants.

85. Plaintiff being denied a non-discriminatory interview with the Defendant was directly and proximately caused by Defendant's unjustified discrimination against Plaintiff because he is dark-skinned, in violation of the FCRA.

86. Any allegedly nondiscriminatory reason for the treatment of Plaintiff asserted by Defendant is a mere pretext for the actual reasons for the treatment; namely, Plaintiff's color.

87. Defendant's actions were malicious and were recklessly indifferent to Plaintiff's rights protecting persons from discrimination due to his color. The discrimination on the basis of color constitutes unlawful discrimination.

88. As a direct and proximate result of Defendant's intentional conduct, Plaintiff has suffered serious economic losses, punitive damages, as well as mental pain and suffering.

WHEREFORE, Plaintiff hereby requests this Court enter judgment against Defendant for all wages and benefits the Plaintiff would have received but for the discrimination, including actual damages suffered, compensatory damages under the FCRA for embarrassment, anxiety, humiliation, and emotional distress, liquidated damages, punitive damages, prejudgment interest on his damages award, attorney's fees, costs, and such other and further relief as this Court deems just and appropriate.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted this 7th day of August, 2019.

By: /s/ *Michelle Cohen Levy*
Michelle Cohen Levy, FBN 0068514
The Law Office of Michelle Cohen Levy, P.A.
4400 N. Federal Highway
Lighthouse Point, Florida 33064
P: (954) 651-9196
Michelle@CohenLevyLegal.com
Counsel for Plaintiff